IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HECTOR CUEVAS GARCIA,        ) | |
| ID # 846291,                              ) | |
|     Plaintiff,                        ) | |
| vs.                                              ) | No. 3:06-CV-0523-P (BH) |
|                                               ) | ECF |
| LEW STERRITT DETENTION     ) | Referred to U.S. Magistrate Judge |
| FACILITY, et al.,                       ) | |
|     Defendants.                     ) | |

SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Reference dated June 12, 2006, subject cause has previously been referred to the United States Magistrate Judge. The supplemental findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

While incarcerated in the Dallas County Jail in March 2006,[1] plaintiff filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights related to the conditions of his imprisonment. (*See generally*, Compl.) He specifically alleges improper medical treatment for his leg. (*Id.*) He sues Lew Sterritt Detention Facility, U.T.M.B. Medical Branch, and the Dallas County Jail and seeks injunctive relief, *i.e.*, "better medical treatment [and] better attention." (*Id.* at 1, 4.) No process has been issued in this case.

On May 24, 2006, the undersigned Magistrate Judge recommended that the Court dismiss this action without prejudice because plaintiff indicated that he had not exhausted available

---

[1] The Court has received three changes of address from plaintiff which indicates that he is currently incarcerated in a prison unit of the Texas Department of Criminal Justice - Correctional Institutions Division.

administrative remedies. (*See* Findings, Conclusions, and Recommendation at 3.) On June 7, 2006, the Court received plaintiff's objection to the recommendation wherein he alleges that he has exhausted available administrative remedies. (*See* Obj'ns.) In view of such objection, the District Court re-referred the case to the undersigned Magistrate Judge for further consideration. (*See* Order of Reference.)

Although plaintiff alleges that he has exhausted available administrative remedies because he completed Step 1 of the administrative process and the Dallas County Jail does not have a Step 2, (*see* Obj'ns), the allegation is clearly erroneous because the Dallas County Jail does have a two-step grievance procedure, *see Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, *2 (N.D. Tex. Jan. 18, 2005) (findings, conclusions, and recommendation citing *Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495, *2 (N.D. Tex. 2001)), *accepted as modified by* 2005 WL 877925 (N.D. Tex. Apr. 14, 2005). Nevertheless, in light of plaintiff's allegation regarding exhaustion, the Court proceeds to consider his claims under applicable preliminary screening statutes.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim

upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III.  SECTION 1983

Plaintiff seeks injunctive relief under 42 U.S.C. § 1983 against the Lew Sterritt Detention Facility, U.T.M.B. Medical Branch, and the Dallas County Jail for alleged violations of his constitutional rights. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff's request for injunctive relief is intended to correct the policies and practices of Dallas County Jail. Plaintiff, however, has not been housed there since May 2006. "Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot." *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000).

In addition, plaintiff sues two entities that are not subject to suit, Lew Sterritt Detention Facility and the Dallas County Jail. *See Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL

3

810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a legal entity that can be sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998); *Searcy v. Cooper*, No. 3:01-CV-0112-D, 2001 WL 435071, at *3 (N.D. Tex. Apr. 20, 2001) (recommendation that "claims against the Lew Sterrett Justice Center . . . seek relief from an entity that is not subject to suit under § 1983" and should be dismissed), *accepted by* unpub. order (N.D. Tex. May 15, 2001).

Plaintiff also sues another entity, U.T.M.B. Medical Branch, that is immune from suit. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (holding that Eleventh Amendment "effectively confers an immunity from suit"); *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that Eleventh Amendment protects Texas Tech University and its medical branch); *Sampson v. United States*, 73 Fed. App'x 48, 49 (5th Cir. 2003) (per curiam) (recognizing that the University of Texas Medical Branch "is immune from suit under the Eleventh Amendment").

Consequently, plaintiff has named no defendant from which he may obtain relief.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

SIGNED this 30th day of October, 2006.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE